UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SERGIO HILDEBRANDO MARTINEZ,
Petitioner,

v.

MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 3:26-cv-3799-CAB-JLB

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

[Doc. No. 1]

Petitioner Sergio Hildebrando Martinez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] For the following reasons, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a native of El Salvador who entered the United States at an unknown time before 1994. After being convicted for burglary in 1994, he was removed to El Salvador on December 10, 1994. [Doc. No. 6 at 1–2.] Petitioner unlawfully reentered the United States and was convicted for lewd and lascivious acts with a child under 14, for which he was sentenced to six years in prison. [*Id.* at 2.] He was again removed from the United States to El Salvador on October 3, 2001. Petitioner again unlawfully reentered the

United States for a third time and was removed to Mexico on October 11, 2001. [*Id.*] When he unlawfully reentered the United States a fourth time, he was charged and convicted under 8 U.S.C. § 1326 in 2010 and sentenced to 36 months' custody. [*Id.*] After being released on this charge and transferred for removal, he expressed a fear of returning to El Salvador and was granted deferral of removal to El Salvador in 2013. [Doc. No. 6-1 at 8.] He was then released.

On April 14, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") when he reported for an appointment at United States Citizenship and Immigration Services ("USCIS"). Since then, ICE has tried to remove him several times, including at least twice to Mexico; Petitioner has refused to go. [Doc. No. 6 at 2–3 (June 1 and 8, 2026).] The record does not indicate that Petitioner fears persecution or torture in Mexico. Rather, Petitioner does not wish to return there because he is uncertain whether Mexico would subsequently send him to El Salvador. [*See* Petition at 26 ("I do not want to go to Mexico."); Doc. No. 7 at 6 ("No one has told him that if he goes to Mexico, he will not be sent back to El Salvador.").] For the latest refusal on June 12, 2026, ICE served Petitioner a warning for failure to depart.

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

### A. Petitioner's Detention Under *Zadvydas*

Petitioner first challenges his continued detention as exceeding the time allowed under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner argues that his detention—to

date approximately four and a half months—violates 8 U.S.C. § 1231 and *Zadvydas*. [Petition at 8–14.]

In *Zadvydas*, the Supreme Court created a presumptively acceptable 6-month period that immigration authorities may detain a noncitizen subject to a final order of removal. "This 6-month presumption [however,] . . . does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Petitioner thus has the initial burden to show that (1) he has experienced post-removal order detention for more than *Zadvydas*' 6-month presumptively reasonable period and (2) there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Here, Petitioner was ordered removed in 1994 but provides no information establishing the period of time he was detained after this removal order, except for the approximately four and a half months of his current detention. And even assuming that Petitioner met the requisite 6-month detention under *Zadvydas*, the Court finds that Respondents have sufficiently rebutted Petitioner's contention that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Since his detention in mid-April, Respondents have pursued Petitioner's removal, including at least two attempts to remove him to Mexico. These attempts were thwarted only by Petitioner's resistance, which provides additional support for Petitioner's continued detention. 8 U.S.C. § 1231(a)(1)(C) extends the removal period where the noncitizen "conspires or acts to prevent the alien's removal subject to an order of removal." *Lema v. I.N.S.*, 341 F.3d 853, 855–56 (9th Cir. 2003). In such cases, "the alien cannot meet his or her burden [pursuant to *Zadvydas*] to show there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 856.

The Court thus finds that at this stage Petitioner's continued detention does not violate 8 U.S.C. § 1231 or *Zadvydas*.

**B. Alleged Regulatory Violations**

Petitioner argues that ICE violated its own regulations when re-detaining him. [Petition at 14–17 (citing 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i)).] However, 8 C.F.R. § 241.4(l)(2)(iii) explicitly provides for the revocation of release when "it is appropriate to enforce a removal order[.]" As to 8 C.F.R. § 241.13, this provision does not apply to noncitizens "who are still within the removal period, including aliens whose removal period has been extended for failure to comply with the requirements of [8 U.S.C. § 1231(a)(1)(C).]" Moreover, Respondents provide a copy of the administrative warrant for Petitioner's arrest and of his Warrant of Removal/Deportation, both dated April 14, 2026. [Doc. No. 6-1 at 4, 12.]

**C. Petitioner's Removal to a Third Country**

Petitioner also seeks to prevent his removal to a third country absent certain protections. Respondents attest that before being removed to a third country, "Petitioner will be notified in writing of the third country at least 24 hours prior to removal" and if "Petitioner claims fear of removal to the identified country, he will be referred to an asylum officer for processing of the fear-based claim." [Doc. No. 6 at 7.] Respondents also state that "under no circumstances would removal be executed in less time than [24 hours following notice of third country removal] without the noncitizen being provided 'reasonable means and opportunity to speak with an attorney prior to removal.'" [*Id.*]

The Court thus finds no evidence that Respondents intend to remove Petitioner to a third country in a way that contravenes Ninth Circuit precedent. *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). Indeed, Respondents submit evidence that they provided Petitioner written notice of their intent to remove him to

Mexico six days before the latest attempt. [Doc. No. 6-1 at 10 (Notice of Removal dated June 5, 2026).] It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country. The Court **DENIES** Petitioner's request for relief on this issue.

**IV. CONCLUSION**

For the reasons set forth above, the Court **DENIES** the Petition.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: September 3, 2026

Hon. Cathy Ann Bencivengo
United States District Judge